IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALBERT ADRIAN MONTOYA,**

      Petitioner,

vs.                      No. CIV-09-688 MV/ACT

**JAMES JANECKA, Warden,
and GARY K. KING,**
Attorney General for the
State of New Mexico,

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Albert Adrian Montoya's ("Petitioner") Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody filed July 16, 2009. [Doc. No. 1]. James Janecka, Warden of Lea County Correctional Facility, and Gary K. King, Attorney General for the State of New Mexico, ("Respondents") filed an Answer with accompanying Exhibits on September 23, 2009, requesting that the Petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1). [Doc. No. 12]. Petitioner filed a Reply to Respondent's Answer on October 2, 2009. [Doc. No. 13]. Having reviewed the Petition, the Answer and accompanying Exhibits, the Reply, and the applicable law, this Court recommends that Petitioner's Petition be dismissed with prejudice.

PROPOSED FINDINGS

Factual and Procedural Background Findings

    1. Petitioner is in the lawful protective custody of Respondent James Janecka, Warden of Lea County Correctional Facility, pursuant to a valid Judgment and Sentence filed in the Fourth

Judicial District Court, San Miguel County, Cause No. CR-2002-219, entered on November 5, 2003. [Doc. No. 12, Exh. A].

2. Petitioner was charged with 50 counts of criminal sexual penetration of a minor and two counts of intimidation of a witness. After a jury trial, Petitioner was found guilty and sentenced for seven counts of criminal sexual penetration of a minor. Petitioner was sentenced to a total term of 54 years, followed by a two-year period of parole. [Doc. No. 12, Exh. A and C].

3. Petitioner filed a timely Notice of Appeal on December 4, 2003 with the Fourth Judicial Court, San Miguel County, [Doc. No. 12, Exh. B], and he timely filed his docketing statement with the New Mexico Court of Appeals on January 8, 2004. [Doc. No. 12, Exh. C].

4. The New Mexico Court of Appeals issued its Memorandum Opinion on April 22, 2004, affirming the Judgment and Sentence. [Doc. No. 12, Exh. F].

5. Petitioner timely filed a Petition for Writ of Certiorari in the New Mexico Supreme Court on May 3, 2004. [Doc. No. 12, Exh. G].

6. The New Mexico Supreme Court entered its Order denying the Petition for Writ of Certiorari on May 26, 2004. [Doc. No. 12, Exh. H].

7. Petitioner had 90 days from May 26, 2004, the date the New Mexico Supreme Court entered its Order denying the Petition for Writ of Certiorari, to file a petition for certiorari review to the United States Supreme Court, but he did not do so.

8. On October 11, 2005, Petitioner filed a "Motion for Production" in the Fourth Judicial District Court seeking various court documents and transcripts in his case. [Doc. No. 12-3, Exh. A]. By letter received by the state court on November 21, 2005, Petitioner sought a docket sheet in his case. [Doc. No. 12-3, Exh. B]. Petitioner also filed a "Motion for Discovery" on January 9, 2006, seeking documents and transcripts." [Doc. No. 12-3, Exh. C].

9. Petitioner filed a Petition for Writ of Mandamus with the New Mexico Supreme Court on March 3, 2006, asking the Supreme Court to require the state district court to rule on his motions for discovery. [Doc. No. 12, Exh. J].

10. On April 13, 2006, the New Mexico Supreme Court entered an Order denying Petitioner's Petition for Writ of Mandamus. [Doc. No. 12, Exh. L].

11. On June 15, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Fourth Judicial District Court. The Petition was filed within four days of Petitioner's signing of the document. [Doc. No. 12, Exh. M].

12. On May 19, 2009, the state district court entered its Order dismissing the Petition for Writ of Habeas Corpus. [Doc. No. 12, Exh. P].

13. Petitioner filed his federal Petition for Writ of Habeas Corpus on July 16, 2009. [Doc. No. 1].

14. In prison, Petitioner checked out 13 law books, some of them several times, to prepare for filing his habeas petition. [Doc. No. 1].

15. As grounds for federal habeas review, Petitioner alleges prosecutorial misconduct, malicious prosecution, and cumulative error, all of which are the same grounds Petitioner alleged in his state court habeas petition. [Doc. No. 1].

16. Respondents contend, *inter alia,* that Petitioner's claims are barred by the one-year limitations period in 28 U.S.C. §2244(d) and that Petitioner has failed to establish that equitable tolling should apply and further than no state created impediment prevented Petitioner from filing his Petition. [Doc. No. 12].

17. Petitioner claims that an impediment to filing the Petition existed by the "runner system" for legal access which was in place at the prison from 2001 to 2009. In 2009 the system was

changed and the impediment was removed in accordance with an A.C.A. accreditation inspection of the facility. Petitioner generally alleges that he encountered the following impediments under the "runner system": there was only one legal aid staff member for all inmates and there were times when there was no aid; all inmates shared the same legal textbooks; general population inmates had priority over protective custody inmates to the textbooks because they had walk-in status to the library; legal request forms for textbooks were delayed for protective custody inmates; inmates kept legal textbooks past their due date of two weeks or the textbooks were lost or damaged, inmates could not do an immediate re-checkout of a textbook, inmates could not obtain two textbooks at a time; for protective custody inmates' requests for legal copies and originals were lost, incomplete copies and originals were returned, and incomplete legal forms were supplied. Petitioner alleges that this impediment "slowed down legal access for legal research to the point where petitioner's state habeas corpus petition filing with the state district court was delayed which caused federal court time limits to be exceeded."

Applicable Law

18.   The provisions of 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case.

19. AEDPA provides a one-year statute of limitations for federal habeas petitions filed under 28 U.S.C. §2254.  *See* 28 U.S.C. §2244(d)(1).  The limitations period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review
    or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action
    in violation of the Constitution or laws of the United States is removed, if the
    applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

20. 28 U.S.C. §2244(d)(1)(B) applies only when a "state-created 'impediment' 'prevented' an inmate from filing his application." *Garcia v. Hatch*, 2009 WL 2668905 (C.A.10 (N.M.)).

21. The limitation period does not begin to run until the impediment that prevented an inmate from filing his application is removed. 28 U.S.C. §2244(d)(1).

22. For §2244(d)(1)(B) to apply, an inmate must provide specific facts that demonstrate how the alleged impediment prevented him from filing a federal habeas petition. *Weibley* v. *Kaiser*, 50 Fed.Appx. 399, 2002 WL 31478974 (C.A.10 (Okla.)). *See also Garcia v. Hatch*, 2009 WL 2668905 (C.A.10 (N.M.)) (where the Tenth Circuit denied Petitioner's request for a COA stating that the Petitioner had not provided specificity regarding the alleged lack of access and that he did not explain how the Legal Access Program hindered his ability to file a timely habeas petition.); *United States v. Martinez*, 303 Fed. Appx. 590, 596 (10th Cir. 2008) (where the Tenth Circuit denied Petitioner's application for a COA stating that Petitioner did not provide the Court with specific details regarding what restrictions actually were in place regarding his access to legal materials or how such restrictions hindered his ability to file his petition.); *Miller vs. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert denied,* 525 U.S. 891 (1998) (where the Tenth Circuit rejected a §2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity regarding the alleged lack of access.).

23. The one-year period for AEDPA is calculated using the "anniversary method." *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1261-62 (10th Cir. 2003).

24. "The time during which a properly filed application for State post-conviction or other collateral review...is pending shall not be counted toward" the one-year statute of limitations. *See* 28 U.S.C. §2244(d)(2). The filing of a State habeas petition or other collateral review tolls the limitations period; it does not restart the one-year clock. *See* 28 U.S.C. §2244(d).

25. State post-conviction relief filed after AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2). *See, e.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007).

26. The one-year statute of limitations under AEDPA may be equitably tolled if a petitioner makes a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented him from timely filing his habeas petition. *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007)). Equitable tolling is appropriate "only in rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted). A court will apply equitable tolling if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta,* 525 F.3d at 928 (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)). Courts have granted equitable tolling (or have indicated that equitable tolling would be available) if some or all of the delay can be attributed to, *inter alia,* judicial actions or omissions; government interference; actions or omissions of the petitioner's counsel; the petitioner's mental incompetence; or a petitioner's lack of notice of the filing deadline. 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* §5.2b (5th ed. 2005) (citations omitted).

Analysis

27. In his Petition, Petitioner does not cite to which particular provision or provisions of 28 U.S.C. §2244(d)(1) he believes applies to his case. However, in his Reply, Petitioner states that "there is an impediment and a factual predicate of the claim in Petitioner's federal habeas corpus claim that meet the standards of AEDPA 28 U.S.C. §2244(d), (1)(B), (1)(D)."[1] Under a liberal reading of Petitioner's Petition and Reply, Petitioner appears to be arguing that 28 U.S.C. §2244(d)(1)(B) applies to his case so that the statute of limitations runs began running on April 2009, "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner argues that the relevant impediment was the "runner system" of legal access in place in the prison and that the impediment was removed in most part in April 2009, three months before he filed his federal habeas petition.

28. Regarding §2244(d)(1)(B), Petitioner alleges many general shortcomings of the "runner system" of legal access which he alleges were an impediment to his filing his federal petition. [Fact No.17]. However, what Petitioner completely fails to provide to the Court are specific facts of what shortcomings in particular prevented him from timely filing his federal application and further fails to provide specific facts as to how these shortcomings specifically prevented him from filing a timely application. No requisite specificity whatsoever is provided to the Court. In fact, the facts Petitioner provides to the Court establish the contrary. Petitioner checked out 13 law books, some of them several times, in preparation for filing his petition. [Fact. No. 14]. The issues he raised in

---

[1] Because the Petitioner does not present any facts or argument whatsoever regarding 28 U.S.C. §2241(d)(1)(D) and because even under the most liberal reading this Court cannot construe such a claim, this Court will not address this issue.

his federal habeas are also the issues he raised in his state habeas. [Fact. No. 15]. Any argument Petitioner may make that he did not have sufficient access to the courts is belied by the fact that he filed various motions, letter, and petitions in state court. [Fact Nos. 8, 9, 11]. These various filings demonstrate that Petitioner had adequate access to the courts. In addition, Petitioner's Petition for state habeas was filed within four days of his signing the Petition, thereby showing that his access to the courts was not delayed. [Fact. No. 11]. There simply is no factual basis to establish that Petitioner was prevented from filing a timely Petition.

29. Although Petitioner does not specifically argue that 28 U.S.C. §2244(d)(1)(A) applies to his case and that equitable tolling is warranted because he did not have adequate access to the courts, Respondents raise and argue that the equitable tolling theory does not apply to this case. Under a liberal reading of the Petition and Reply, it can be construed that Petitioner is advancing an equitable tolling theory, and, accordingly, the Court will address this issue.

30. Under 28 U.S.C. §2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, the New Mexico Supreme Court entered its Order denying the petition for writ of certiorari on May 26, 2004. [Fact No. 6]. Petitioner had 90 days from this date to file a petition for certiorari review to the United States Supreme Court, but he did not do so. The judgment, therefore, became final on August 26, 2004, the expiration of the time for seeking review by the United States Supreme Court. *See Locke v. Saffle,* 337 F.3d 1269, 1273 (10th Cir. 2001). The statute of limitations began running on that date. *See* §2244(d)(1)(A).

31. Absent any tolling, the statute of limitations would run on August 26, 2005, one year after the judgment became final.

32. Petitioner did not file any post-conviction relief or other collateral review that would further toll the limitations period nor did he file his federal habeas prior to August 26, 2005. In fact, the next filing that Petitioner made was not until June 15, 2007 almost two years after the statute of limitations had run, when he filed his state habeas. As discussed *supra,* state post-conviction relief or other collateral review filed after the AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2).

33. Petitioner did not file his federal habeas until July 16, 2009, more than four years past the August 26, 2005 deadline for filing the Petition. Accordingly, if equitable tolling does not apply, Petitioner's Petition for Habeas Corpus is time barred and should be dismissed.

34. As discussed *supra,* in order for equitable tolling to apply, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstances existed that prevented him from timely filing his Petition. As is true under the impediment analysis, *supra,* Petitioner must show specific facts to establish his claim of equitable tolling. *Yang v. Archuleta*, 525 F.3d at 928. Petitioner did show the Court that he had checked out 13 legal books in his quest to file his federal petition. However, that is the only fact that supports any due diligence on his part in filing his Petition, and even with this fact, he does not provide any time frame regarding the books or whether he had any difficulty in obtaining these particular textbooks. He does not identify any specific efforts taken to ensure the timely filing of his federal Petition. Additionally, Petitioner has completely failed to present this Court with any specific facts as to any extraordinary circumstances that prevented him from timely filing his Petition. Although Petitioner presents general issues regarding access to textbooks, etc., that existed under the "runner system," he does not provide this Court with any specifics as to his how any of these issues specifically prevented him from timely filing his Petition.

RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus be dismissed with prejudice as time barred.

**NOTIFICATION**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the ten (10) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**