**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALBERT ADRIAN MONTOYA,

       Petitioner,

vs.                                                     No. CIV-09-688 MV/ACT

JAMES JANECKA, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

       Respondents.

**ORDER**

       **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. No. 14] and the Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. No. 17].  Upon *de novo* review, this Court agrees with the Magistrate Judge's recommendation and holds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed with prejudice as time barred.

      This Court hereby adopts the "Factual and Procedural Background Findings" set forth in paragraphs 1-17 of the Magistrate Judge's Proposed Findings and Recommended Disposition and the "Applicable Law" set forth in paragraphs 18-26 of the Magistrate Judge's Proposed Findings and Recommended Disposition.[1]  This Court further agrees with, and hereby adopts, the "Analysis" contained in paragraphs 27-29 (including footnote 1) of the of the Magistrate Judge's

---

[1]  With respect to the Magistrate Judge's finding (contained in paragraph 11) that the State Petition for Writ of Habeas Corpus was filed within four days of the Petitioner's signing of the document, this Court clarifies that the four days refers to the time Petitioner signed and dated the certificate of service for the Petition and the Supplement to the Petition.

Proposed Findings and Recommended Disposition.[2]

As to the portion of the Magistrate Judge's Proposed Findings and Recommended Disposition applying 28 U.S.C. § 2244(d)(1)(A), this Court agrees that under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, the New Mexico Supreme Court entered its Order denying the petition for writ of certiorari on May 26, 2004.  Petitioner had 90 days from this date (in other words, until August 24, 2004) to file a petition for writ of certiorari review to the United States Supreme Court, but he did not do so.  Sup. Ct. R. 13.  Accordingly, the judgment became final on August 24, 2004, and the one-year statute of limitations commenced running the following day, August 25, 2004.  Thus, absent any tolling, Petitioner had up to and including August 25, 2005 in which to file his federal Petition.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Petitioner filed no application for State post-conviction or other collateral review that would toll the statute of limitations, nor did he file his federal habeas petition, on or before August 25, 2005.  While Petitioner filed various documents in an effort to pursue his claims *after* the one-year limitations period had already expired (and before the instant Petition), such efforts do not reset of revive the one-year statute of limitations period and do not result in tolling of the statutory period.  *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).  Accordingly, this Court agrees with the Magistrate Judge's conclusion that absent equitable tolling, Petitioner's Petition for Habeas Corpus is time barred and should be dismissed.

---

[2] For clarification, this Court notes that statutory citation in footnote 1 of the Magistrate Judge's Proposed Findings and Recommended Disposition contains a typographical error and should read 28 U.S.C. § 2244(d)(1)(D).

This Court further agrees with the Magistrate Judge's analysis that equitable tolling does not apply, as set forth in paragraph 34 of the Magistrate Judge's Proposed Findings and Recommended Disposition.  Accordingly, this Court hereby adopts paragraph 34 of the Magistrate Judge's Proposed Findings and Recommended Disposition.

Finally, this Court finds that Petitioner's objections are without merit.  In his objections, Petitioner argues that he was at a disadvantage in pursuing his rights from the beginning in that the New Mexico Court of Appeals summarily affirmed his conviction and, as a result, no briefs, transcripts or other necessary material was filed—documents that Petitioner believed he needed to file his state habeas corpus petition.  Petitioner's objections then proceed to describe his efforts to procure the documents he believed were necessary and to otherwise pursue his claims.  This Court notes that with one exception, all of the acts described in Petitioner's objections, occurred more than one-year after the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  The one exception is that in February of 2005, Petitioner alleges that he began to inquire about obtaining the needed documents to prepare a habeas corpus petition and mailed a letter to the Public Defenders asking them for assistance in obtaining the needed materials and for information regarding any applicable time limits **[Doc. No. 17, Ex. A]**.  He did not receive a response to this letter.  This Court finds that the allegations in Petitioner's objections are insufficient to justify application of equitable tolling and that they likewise fail to establish that a state created impediment prevented Petitioner from filing his federal Petition for a Writ of Habeas Corpus.  *See Clark*, 468 F.3d at 714.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Habeas Corpus is dismissed with prejudice on the basis that it is time barred.

DATED this 6th day of July, 2010.

_____
MARTHA VAZQUEZ
Chief United States District Judge